## T. T. LEACH VS. WILSON COUNTY.

IN SUPREME COURT, TYLER TERM, 1884.

*County Warrant—Evidence.*—A warrant drawn on the county treasurer, by order of the county court, is *prima facie* evidence of an existing and matured debt, which throws the burden upon the county to repel by showing the want of consideration, or some other valid defense.

*Cause of Action—County.*—No cause of action exists against a county on an allowed claim, until the claim has been in some way repudiated by the county court.

*Limitation.*—Where the county court made an order in 1881 forbidding the payment of a county warrant issued in 1862, and suit against the county was filed in 1881, it is held that the action was not barred by limitation.

Appeal from Wilson county.

### STATEMENT

Leach brought this suit against Wilson county, to recover upon an allowed claim evidenced by a warrant drawn upon the county treasurer, dated June 1, 1872, in favor of Maverick and Krueger. By an amended petition, filed December 5, 1882, it is in effect alleged, that the county being indebted to Maverick and Krueger, the county court on the 28th of May, 1872, by order, allowed the claim and directed a warrant to be issued therefor, which was done. That for a valuable consideration Maverick and Krueger transferred and assigned the same to appellant. And that the same was registered by the county treasurer January 1, 1880. And is due and unpaid. It is further alleged that on the 28th day of June, 1881, the county court, by order, directed the county treasurer not to pay the same, until he might be otherwise instructed by the court.

Appellee answered by general and special exceptions, the grounds of special exceptions are : 1—That it is not shown that the county was ever indebted to Maverick and Krueger ; 3—No consideration is shown as a basis for the warrants, etc. ; 3—That the allegations of the petition show that the alleged claim was barred by limitation.

The court sustained the exceptions and the appellant having declined to further amend, the case was dismissed, etc. The error assigned is, the court erred in sustaining the exceptions to the petition and rendering judgment for the defendant.

### OPINION.

A good cause of action was asserted by the petition and the court erred in sustaining the exceptions and dismissing the case. The indebtedness of Wilson county to Maverick and Krueger is sufficiently stated. Also, that the claim was allowed and audited by the county court in May, 1872, and a warrant issued by virtue thereof, and that the same was assigned to appellant by Maverick and Krueger for a valuable consideration. It is also on record that appellant caused the same to be registered January 19, 1880, and that on the 28th June, 1881, the county court made and entered an order directing the county treasurer not to pay the account, etc. And this suit was instituted November 16, 1881.

It seems that the court below sustained the exceptions on the ground that the cause of action as asserted was barred by limitation.

The statute now in force, and which has been the same since May 11, 1846, provides that "No county shall be sued, unless the claim upon which such suit is founded shall have first been presented to the county court for allowance, and such court shall have neglected or refused to audit and allow the same." P. D. article 1045 ; R. S. art. 677.

When a claim has been presented and allowed, and a warrant upon the treasurer has been drawn in accordance with the order of allowance, while the order of the court is the primary evidence of the right, yet the warrant is something more than a mere voucher, it is *prima facie* evidence of an existing and matured debt, which throws the burden upon the county to repel, by showing the want of a consideration, or some other valid defence. Burroughs on Public Securities, page 638, and authorities, note 2.

However, the real question is this : Was the cause, as asserted in the petition, barred by the statute of limitation at the time the suit was brought ?

The correct solution of that question depends upon the time when the cause of action accrued. Limitation can never operate against a claim until a cause of action has accrued. Under the provisions of the statute no cause of action would exist against the county on an allowed claim, until the claim has been in some way repudiated by the county court.

These warrants are, as has been seen, *prima facie* evidence of a subsisting and matured debt, nevertheless by reason of our statutory provisions, respecting suits against counties, they occupy an anomalous position ; they afford no right of action until the county has, in some way or other, denounced or repudiated the claim.

From the allegation in the petition it appears that the claim was recognized by the county authorities, until the order of the county court, made June 28, 1881. In January, 1880, the warrant was presented to the treasurer of the county for registration under the then existing statute, and was then duly registered as an existing claim against the county. True, the registration of the warrant by the treasurer would not estop the county from asserting the invalidity of the claim. (Parker county vs. Couts & Co., unreported.) Nevertheless, it is evidence tending to show that it was still recognized as an existing claim.

As presented by the petition the cause of action did not accrue until June 28, 1881, and, therefore, limitation did not begin to run until that time. It might be that if the county court should call in outstanding warrants for payment, that after a reasonable time allowed for their presentation, that limitation would run. But the decision of that question is not necessary to the disposition of this appeal. Such a claim as that sued on in this case is not negotiable, still it is the subject of assignment. (R. S. 266.) Our conclusion is that the judgment ought to be reversed and the cause remanded.