[L. A. No. 942.   Department One. — August 16, 1901.]

C. A. THOMPSON, Respondent, v. LEOPOLDO OREÑA, Executor, etc., of JOSÉFA LOUREYRO, Deceased, Appellant.

ESTATES OF DECEASED PERSONS — CLAIM — MATURITY OF CONTRACT — STATUTE OF LIMITATIONS. — A claim against the estate of a deceased woman, for services rendered to her in her lifetime, which were agreed to be paid for out of the proceeds of the sale of certain parcels of real estate, which remained unsold at her death, shows no matured cause of action against the decedent in her lifetime, and cannot be barred by the statute of limitations, which did not begin to run until the claim could be enforced.

ID. — CERTAINTY OF CLAIM — REAL ESTATE NOT DESCRIBED. — The claim against the estate of the decedent was not rendered void for uncertainty, because not describing the real estate, the proceeds of the sale of which were therein referred to as " arising from the sale of certain pieces of real property belonging to said decedent," which remained unsold at the time of her death. The only necessity for any reference to the land was to show that the claim was not barred by the statute, and the description of the land was not essential for that purpose.

ID. — ACTION UPON CLAIM — PLEADING OF PARTICULAR DETAILS. — In an action upon the claim, it is necessary to plead particular details, which are not required to be inserted in a presented claim upon a demand which is due; but even if the details alleged be more particular than is necessary, if the complaint is upon the same cause of action set out in the claim, sets forth the same services, and states the same agreement referred to in the claim, it will support a recovery thereupon.

ID. — SERVICES RENDERED PRIOR TO AGREEMENT — STATUTE OF LIMITATIONS — SUBSEQUENT ORAL PROMISE. — With respect to services ren-

dered prior to the making of the contract claimed, the statute of limitations began to run as soon as they were performed, in the absence of any agreement as to the time or manner of payment therefor; and the cause of action therefor could not be taken out of the operation of the statute by any subsequent oral promise as to a future time or mode of payment.

ID.— EVIDENCE— MEMORANDUM-BOOK OF DECEDENT.— A private memorandum-book of the decedent, containing items of money collected and paid out, including items paid to plaintiff, is not admissible in evidence against the plaintiff; and if admitted, it was properly stricken out on plaintiff's motion.

APPEAL from a judgment of the Superior Court of Santa Barbara County and from an order denying a new trial. W. S. Day, Judge.

The facts are stated in the opinion.

Thomas McNulta, for Appellant.

John J. Boyce, for Respondent.

GRAY, C.— The action is brought to recover the reasonable value of services alleged to have been rendered, as attorney and agent, by plaintiff, for the said Joséfa Loureyro in her lifetime. The case was tried without a jury, and the defendant appeals from a judgment rendered in plaintiff's favor and from an order denying his motion for a new trial.

The plaintiff presented his verified claim against the estate of said Loureyro, deceased. The material part of said claim reads as follows:—

"Estate of JOSÉFA LOUREYRO, Deceased.

"To C. A. THOMPSON, Dr.

"For the value of services rendered by claimant for and at the request of said decedent, continuously from the eighteenth day of August, 1881, to January 19, 1896, under a special contract, and in consideration of the promise by said decedent to pay said claimant for said services upon the sale of and out of the proceeds arising from the sale of certain pieces of real property belonging to said decedent, which said real property belonging to said decedent was unsold by said decedent at the time of her death; that said decedent failed and neglected to sell said real estate, and said decedent failed and neglected to pay for said services, and that said services were performed

under said special contract of agreement by claimant; that said services were and are reasonably worth the sum of three hundred ($300.00) dollars per annum, making the total value thereof $4,325.00."

A copy of the said claim is attached to and made a part of the complaint, and the allegations of the complaint show that the property referred to in the said claim as being unsold at the time of the death of said decedent was known as "the Mazzini Vineyard, situated near Ortega Hill," and said property is particularly described by metes and bounds in said complaint. The complaint also described the nature of the services rendered as being those of "an attorney and counsel at law, and business agent and manager of the property and business of said deceased."

The two-year statute of limitations (Code Civ. Proc., sec. 339, subd. 1) was pleaded, first in a demurrer to the complaint, and then in an answer.

The evidence in the case shows without material conflict that plaintiff, as an attorney at law, performed services for decedent in the examining of abstracts, searching of titles, collecting moneys, bringing suits, etc.; that he began this work at decedent's request in 1881, on the death of her father, and continued it down to some time in 1887, without any agreement as to when he was to be paid; that in 1887 it was orally agreed by decedent that she would pay him when she sold the property described in the complaint. The other allegations of the complaint seem to have been substantially proven, and the findings are in conformity with the proofs.

Appellant's points and authorities contain four alleged reasons for reversal. We will notice these in the order in which they appear in appellant's brief.

1. On the evidence presented, it is clear that after the agreement of 1887 the plaintiff had no matured cause of action against the decedent in her lifetime. The contract between them was the measure of the time that plaintiff was to wait for his compensation, and this contract was to the effect that plaintiff was not to be paid for his services until the sale of the land. Of course, the statute of limitations did not begin to run against plaintiff's claim until it matured and could be enforced, and plaintiff was bound by the terms of his contract as to the time of payment, regardless of whether the time fixed was reasonable or unreasonable.

2. Appellant's next contention is, that the claim of plaintiff as presented is void for uncertainty, for the reason that "there is no description of the certain pieces of real property referred to." Plaintiff's claim consisted of an amount due for his services, and the land, which he failed to describe, did not constitute any part of his claim. The only necessity for any reference to the land arose out of the fact that the claim should show that it was not barred by the statute of limitations, and the description of the land not being essential to that fact, it was therefore unnecessary to describe it. The claim was accompanied by the affidavit showing it to be due, etc., as required by the provisions of section 1494 of the Code of Civil Procedure. It will be observed that not even the *particulars* of a claim already due and not contingent are required to be set out by the provisions of the section cited. As illustrating the correctness of the position here taken, see also the opinion in *Landis* v. *Woodman*, 126 Cal. 454, and *Knight* v. *Knight*, 6 Ind. App. 268. The complaint is based upon the same cause of action set out in the presented claim. It was necessary to go more into details in the complaint than in the claim, and perhaps it may be said that the complaint went further into details than was absolutely necessary, but still it is a complaint for the same services and states the same agreement referred to in the claim. The cases of *Etchas* v. *Oreña*, 127 Cal. 592, and *McGrath* v. *Carroll*, 110 Cal. 79, differ materially, as to the facts involved, from the case at bar, and furnish little or no light for our guidance herein.

3. The appellant complains that the court allowed plaintiff to recover for the two years' services immediately prior to the middle of the year 1887, the time of the alleged promise. We think this complaint is not without just cause. The statute of limitations began to run as to the said two years' services as soon as they were performed, for, there having been no contract as to the time in which they were to be paid for, recovery for them could have been had at any time after completion. Indeed, in the absence of any agreement as to time or manner of payment, the plaintiff was entitled to payment for each distinct item of service as soon as it was fully performed, and the statute would begin to run accordingly; and the cause of action could not thereafter be taken out of the operation of the statute by any oral agreement or promise. (Code Civ. Proc., sec. 360; Civ. Code, sec. 1697.)

4. A private memorandum-book in the handwriting of decedent, and kept by her in her lifetime, showing items of money collected for rent, and other collections, as well as expenditures, and including items of money paid to plaintiff, was placed in evidence by appellant, and afterwards stricken out on motion of plaintiff. In this there was no error. Section 1946 of the Code of Civil Procedure provides as to what entries or writings of a decedent may be used as evidence, and these entries, offered as they are on behalf of the estate of the decedent, are not admissible under that section. The book, containing only private memoranda, cannot be held admissible under the rule admitting a tradesman's books, or other entries made in the regular course of business.

We think, on the facts found by the court, that the judgment is correct, except as to the two years' services immediately preceding the middle of the year 1887, and that it should be modified by reducing it in a sum equal to the value of said two years' services, found by the court to be four hundred dollars, and as thus modified the judgment should be affirmed; and the order appealed from should also be affirmed.

Chipman, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment is modified by reducing it in a sum equal to the value of said two years' services, found by the court to be four hundred dollars, and as thus modified the judgment is affirmed; and the order appealed from is also affirmed.

Harrison, J., Garoutte, J., Van Dyke, J.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank.