SMITH v. WISE COUNTY.    (No. 8371.)*

(Court of Civil Appeals of Texas. Ft. Worth. May 6, 1916. On Motion for Rehearing, June 17, 1916.)

1. COUNTIES ⬅74(3)—OFFICERS—ESTOPPEL.

That plaintiff knew when he became a candidate for the office of county treasurer and when he qualified that the commissioners' court did not intend to allow him the maximum compensation fixed by statute does not estop him from claiming such compensation, so long as the commissioners' court failed to give legal effect to its intention by passing an order fixing his commissions, as directed by statute, and thus reducing compensation.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 106–108; Dec. Dig. ⬅74(3).]

**2. COUNTIES ☞74(3) — COUNTY TREASURER — SALARY OF—ORDERS.**

By an order of February 26, 1907, the commissioners' court directed that the county treasurer should receive, for his services for the year ending November 28, 1907, such commissions on the amount of funds he might receive and disburse as when added to the commissions received on the school funds and the commissions already received would aggregate a total of $1,600. The same order likewise declared that from November 28th, until the commissioners' court might change it, the treasurer should receive 1¾ per cent. for receiving and the same for disbursing county funds. By orders of 1909 and 1911, it was directed that the treasurer should receive the same compensation as he had the previous years, being $1,600, while by order of 1913, the commissioners' court directed that the county treasurer should receive a salary not to exceed $1,400 per year. Vernon's Sayles' Ann. Civ. St. 1914, art. 3873, declares, that the county treasurer shall receive commissions on money received and paid out by him, said commissions to be fixed by orders of the commissioners' court, and not to exceed 2½ per cent., while article 3875 fixes the maximum compensation which a treasurer can receive at $2,000 per annum. *Held,* that as the commissioners' court has no power to fix the compensation of the county treasurer at a designated salary, and as the orders subsequent to 1907, made no attempt to fix the rate of commission, the treasurer was entitled to commissions at the rate of 1¾ per cent. on moneys received and disbursed until they equaled the sum of $2,000 per annum.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 106–108; Dec. Dig. ☞74(3).]

**3. LIMITATION OF ACTIONS ☞66(3) — RUNNING OF STATUTE—PERIOD OF STATUTE.**

While Rev. St. 1911, art. 1366, declares that no county shall be sued unless the claim upon which suit is founded shall have first been presented to the county commissioners' court for allowance and such court shall have neglected or refused to allow it, a county treasurer can, after expiration of his term of office, recover commissions accruing and due only for a period of two years before institution of suit; for as, despite the statute, suit may be maintained against a county within a reasonable time after presentation of the claim, the county treasurer by delay in presenting his claim cannot stop the running of limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 355, 356; Dec. Dig. ☞66(3).]

*On Motion for Rehearing.*

**4. COUNTIES ☞74(3) — OFFICERS — TREASURER—SALARY.**

An order fixing the salary of the county treasurer at a stated sum per annum cannot be maintained under Rev. Civ. St. art. 3873, as one fixing a rate of commissions on moneys received and disbursed; for, until the expiration of the year, the rate of commissions could not be determined.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 106–108; Dec. Dig. ☞74(3).]

**5. COUNTIES ☞74(3) — TREASURERS — SALARY.**

Under Vernon's Sayles' Ann. Civ. St. 1914, arts. 3873–3875, declaring that the county treasurer shall receive commissions on moneys received and disbursed, to be fixed by the commissioners' court, not exceeding 2½ per cent., and that he shall not receive fees in excess of $2,000, the commissioners' court cannot fix a county treasurer's total compensation as such at a sum less than the $2,000 specified by statute, though it may fix any commission it desires.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 106–108; Dec. Dig. ☞74(3).]

Appeal from District Court, Wise County; F. O. McKinsey, Judge.

Action by R. D. Smith against Wise County. From a judgment denying part of the relief sought, plaintiff appeals. Reformed and affirmed.

McMurray & Gettys, of Decatur, for appellant. R. E. Carswell and M. W. Burch, both of Decatur, for appellee.

BUCK, J. On December 2, 1914, R. D. Smith sued Wise county for $1,950, alleged to be the balance due him as compensation as county treasurer for the four years beginning November 10, 1910, and ending November 16, 1914. He alleged that the commissioners' court of Wise county had not fixed his compensation at any rate less than 2½ per cent. on receipts and disbursements, fixed by statute as the maximum compensation, and that under the statute, in the absence of any legal action of the said commissioners' court fixing the compensation at a lower rate, he was entitled to the maximum compensation provided by statute, to wit, $2,000 per annum; the receipts and disbursements for each of said four years being more than sufficient to entitle him to that amount. Defendant, in its answer, admitted the election of plaintiff and his four-year tenure of office as county treasurer, and admitted that for each of said four years his compensation, based on 2½ per cent. commission, would have exceeded $2,000, but alleged that by certain orders of the commissioners' court, hereinafter to be set out, the compensation of plaintiff had been legally fixed at a less sum than $2,000 per annum, to wit, at $1,600 for each of the first three years, and at $1,400 for the last year. The defendant further pleaded an estoppel, in that plaintiff had accepted and entered into the office of county treasurer, knowing that his compensation had been fixed at the sum mentioned. The orders of the commissioners' court relied on were set out in defendant's answer and were introduced in evidence, and are as follows:

(1) "2—16—07. It is ordered by the court that the following officers be allowed the amounts opposite their names as ex officio salaries for one year: Sheriff, $500; district clerk, $250; county clerk, ——; county judge, $400. The county treasurer of Wise county shall receive, as compensation for his services for the year beginning November 28, 1906, and ending November 28, 1907, such commission on the amount of funds he may receive and disburse as when added to the commissions he receives on the school funds and the commissions he has already received on other funds as will aggregate him a total fee of $1,600, and in no event shall his commission from all sources amount to more than $1,600 for said year. And it is ordered that from November 28, 1907, until the commissioners' court may change it, he shall receive 1¾

per cent. for receiving and 1¾ per cent. for disbursing county funds."

(2) "2—12—1909. It is ordered by the court that all the county officers' ex officio be same as the last two years, except the county judge, who is to receive $1,000 per annum, and the county treasurer is to receive the same compensation that he received for the last two years, being $1,600 per year."

(3) "2—17—1911. It is ordered by the court that the treasurer's salary be $1,600 per year, the same as last year."

(4) "2—11—1913. It is ordered by the commissioners' court of Wise county, Tex., that the following officers be allowed the following ex officio for the next two years: E. M. Allison, county judge, $1,000 per annum; J. P. Williams, county clerk, $400 per annum; Sam Faith, $500 per annum; Buck Smith, treasurer, salary not to exceed $1,400."

Defendant further pleaded the two-year statute of limitation. The cause was tried before the court without the intervention of a jury, and judgment was entered for plaintiff in the sum of $50, from which judgment the plaintiff appealed.

The court filed his findings of fact and conclusions of law, which findings included matters hereinbefore stated, as to plaintiff's election and tenure, the orders of the commissioners' court, etc., and, further: (1) That the commissioners' court placed the construction on said orders that plaintiff's commission for the first three years of his tenure was to be 1¾ per cent. on receipts and disbursements, not to exceed $1,600 a year, and for the last year, at the same rate, not to exceed $1,400. The plaintiff acquiesced in such construction of said orders, in so far as the first three years were concerned, and settled with the county and made his quarterly reports to the court on that basis, and he did not claim any more compensation for such years. (2) That he made settlement for the last year, "withholding a commission of 1¾ per cent. of his receipts and disbursements until same amounted to $1,400, after which he withheld or received nothing more, and his final report as treasurer was approved and he was settled with by the court on that basis, and no protest or further claim was then made by plaintiff." (3) "When the order of the court reducing the treasurer's compensation was made February 11, 1913, the plaintiff protested against the same, his objection, as stated to the court at the time, being that when he was elected and qualified the salary was $1,600 a year, and that the court had no right to reduce the same, also urging his financial necessities. He made no complaint or objection to the form of the order, nor had he to that of any previous order, and if he had done so, the court would have taken counsel and made the order in proper form, it being the purpose and intent of the court by said orders to legally fix the maximum compensation of the treasurer first at $1,600 and then at $1,400 a year, computed on a percentage of 1¾." (4) "During each and every year of plaintiff's four-year tenure the receipts and disbursements of county funds, upon which by law the coun-

ty treasurer is entitled to commission, were more than sufficient in amount to produce a commission of over $2,000 each year, when computed at the rate of 1¾ per cent." (5) "Prior to November 16, 1906, the county treasurer of said county received a straight commission of 2½ per cent. on county funds (other than school funds) received and disbursed by him, but whether by order of the commissioners' court or by virtue of the statute was not made to appear."

Our state Constitution, article 16, § 44, provides for the election of a county treasurer, who "shall have such compensation as may be provided by law." Article 3873, Vernon's Sayles' Texas Civil Statutes, reads as follows:

"The county treasurer shall receive commissions on the moneys received and paid out by him, said commissions to be fixed by order of the commissioners' court as follows: For receiving all moneys, other than school funds, for the county, not exceeding 2½ per cent., and not exceeding 2½ per cent. for paying out the same; provided, however, he shall receive no commissions for receiving money from his predecessor nor for paying over money to his successor in office."

Article 3874, Id., provides that the county treasurer shall be allowed 1½ per cent. for disbursing the school funds of a county, and by article 3875 the maximum compensation allowed the county treasurer is limited to $2,000.

Since it is found by the trial court that the commission of 1¾ per cent. on funds received and disbursed by plaintiff during each year of his tenure of office would exceed the maximum allowed by statute, the questions before us for determination are: (1) Was plaintiff estopped from claiming the maximum compensation allowed by statute because of his acceptance of the office under the circumstances stated, i. e., with the knowledge that the commissioners' court had entered the orders set out of date February 16, 1907, and February 12, 1909, prior to his entry into office in November, 1910, and the order of February 17, 1911, prior to the entry under his second term? (2) Did the commissioners' court, in passing the orders aforementioned, legally exercise its authority given under article 3873, supra? (3) Was the plaintiff barred by the two-year statute of limitation from recovering any or all of the claim asserted in his petition?

[1] We think the answer to the first question is determined by the authority of Montgomery County v. Talley, 169 S. W. 1141 (writ of error denied in 176 S. W. xv), in which the following language is used:

"The fact that appellee knew when he became a candidate for the office and at the time he qualified as county treasurer that the commissioners' court did not intend to allow him the compensation fixed by the statute did not estop him from claiming and retaining such compensation so long as the commissioners' court failed to give legal effect to its intention by passing an order fixing his commissions as directed by the statute."

See, also, 34 Cyc. 1051, and authorities under note 49; Woodall v. Insurance Co., 79 S. W. 1092; Insurance Co. v. Wickham, 141 U. S. 564, 12 Sup. Ct. 84, 35 L. Ed. 860; Insurance Co. v. Villeneuve, 25 Tex. Civ. App. 356, 60 S. W. 1014; Harms v. Insurance Co., 172 Mo. App. 241, 157 S. W. 1046.

[2] With reference to the second question presented, it is held in the Talley Case, cited above, that a commissioners' court, acting under the authority delegated by article 3873, supra, would have no power to fix the compensation of the county treasurer at a designated salary, as in exercising its authority in this respect said court would be limited by the statute, which empowers it only to fix the rate of commission for moneys received and disbursed. See, also, Hill County v. Sauls, 134 S. W. 267; Slaughter v. Hardeman County, 139 S. W. 662.

In so far as it affected the compensation to be received by the county treasurer, the order of the commissioners' court of February 16, 1907, provided: (a) That the salary for the year ending November 28, 1907, should not exceed $1,600. This attempted limitation is not involved in this suit, for it was specially made to apply only to that year. (b) But that portion of said order, reading, "That from November 28, 1907, until the commissioners' court may change it, he (the treasurer) shall receive 1¾ per cent. for receiving and 1¾ per cent. for disbursing county funds," did not purport to fix any maximum compensation, except as to the rate of commission, and under said order the compensation was only circumscribed by the statutory maximum of $2,000, as the court found that for each of the four years of the plaintiff's tenure the commissions of 1¾ per cent. would have aggregated more than the $2,000. By the terms of the order of February 12, 1909, the compensation of the treasurer was not changed from that "received for the last two years." In so far as such order purported to fix a salary or stated sum, to wit, $1,600 per annum, it must be held, under the authorities cited, to be invalid. The same may be said with reference to the order of February 17, 1911, and the order of February 11, 1913, fixing a "salary not to exceed $1,400." Therefore, unless barred by the statute of limitation pleaded by defendant, plaintiff would be entitled to receive the full amount claimed, to wit, $1,950. The majority of us, at least doubt the authority of the commissioners' court to fix a maximum compensation below that prescribed by statute, except as it may be limited by the rate of commission fixed, with which conclusion Associate Justice Dunklin does not agree, but we do not find it necessary to decide this question.

[3] As to the last question presented, we are of the opinion that the statute of limitation would preclude a recovery for any amount further than for commissions accruing and due and payable under his second term of office, and for the two years preceding the date suit was filed, to wit, December 2, 1914. Appellant presented his claim to the commissioners' court, in the sum sued for, on November 25, 1914, and on the 27th thereafter it was by said court rejected. Appellant urges that the statute of limitation did not begin to run until such disallowance by the court, and cites, in support of this contention, article 1366 of the Revised Civil Statutes, which provides that:

"No county shall be sued unless the claim upon which such suit is founded shall have first been presented to the county commissioners' court for allowance, and such court shall have neglected or refused to audit and allow the same or any part thereof."

He also cites the case of Leach v. Wilson County, 62 Tex. 331. This case held that, where the county court, in May, 1872, allowed and audited plaintiff's claim, and a warrant was issued therefor, and subsequently, on June 28, 1881, said court directed the county treasurer not to pay said warrant, and thereafter, November, 1881, suit was brought thereon, the statute of limitation did not bar a recovery. The claim had been registered by the county treasurer in January, 1880, under a then existing statute, and it was held that limitation did not begin to run until the action of the county court of June 28, 1881, directing the treasurer not to pay the claim, evidenced the intention of the county to refuse the claim, which it had theretofore acknowledged as valid. To the same effect is the case of Caldwell County v. Harbert, 68 Tex. 321, 4 S. W. 607. In each of these cases the holding was based upon the fact that the county had acknowledged and recognized the validity of the claim until shortly prior to the suit. But in the instant case no such condition is presented. The statute was evidently enacted for the benefit of the county, that it might have the opportunity to have passed on by its representative managing body all claims against it before it could be subjected to the expense and vexation of suit. It certainly never was contemplated that one having a claim against a county could delay its presentation to the commissioners' court indefinitely, and thereby preclude the running of limitation. As is well said in 25 Cyc. 1198:

"Where plaintiff's right of action depends upon some act to be performed by him preliminary to commencing suit, and he is under no restraint or disability in the performance of such act, he cannot suspend indefinitely the running of the statute of limitations by delaying the performance of the preliminary act; if the time for such performance is not definitely fixed, a reasonable time, but that only, will be allowed therefor."

In the same text, page 1198 (B), it is further stated:

"Where, although the cause of action itself has accrued, some preliminary step is required before a resort can be had to the remedy, the condition referring merely to the remedy and not to the right, the cause will be barred if not

brought within the statutory period; therefore the preliminary step must be taken within that period."

When the right of action is not under plaintiff's control, but depends upon some act to be performed by another, in this event, it has been held that the cause of action does not accrue, and the statute does not begin to run until the performance of the act. Williams v. Bergin, 116 Cal. 56, 47 Pac. 877; Thompson v. Orena, 134 Cal. 26, 66 Pac. 24. Likewise it has been held that where until disaffirmance by a party he cannot be sued for money received under a contract which he subsequently avoids, the statute does not run until the time of such avoidance. Cowper v. Godmond, 9 Bing. 748, cited in 25 Cyc. 1198, 1199. But since, as was held in Williams v. Bowie County, 58 Tex. Civ. App. 116, 123 S. W. 199, the right to sue a county arises after a claim has been presented to the commissioners' court, and a reasonable time has elapsed without an allowance of such claim by said court, it cannot be said that under this article of the statute, plaintiff's right of action depended upon any act of disallowance of the commissioners' court. The failure or "neglect" of the court to act on his claim after a reasonable time, would give the plaintiff the right to sue.

While we have not taken up and discussed seriatim appellant's various assignments, yet we have carefully considered each of the same, and believe that in what we have said hereinabove we have properly disposed of every question presented.

For the reasons indicated, the judgment of the trial court will be reformed, so as to allow plaintiff judgment for compensation for the time he was in office subsequent to December 2, 1912, at the maximum fixed by article 3875, to wit, $2,000, less the amount already retained or received by him during said period. This sum to which appellant is so entitled is found by this court to be $982.-20. Upon this amount so found in appellant's favor the appellee is to be credited with the sum of $581.70, held in the bank in the name of appellant, but the right to which is involved in this suit, which controversy is by this judgment decided in favor of appellant, and the said sum held in bank awarded to appellant. Interest at 6 per cent. on $400.50, balance allowed from date of judgment. As so reformed, the judgment will be affirmed, with costs of appeal taxed against appellee.

Reformed and affirmed.

### On Motion for Rehearing.

Appellee urges error in the judgment of this court in two respects, to wit: (1) In holding that the several orders of the commissioners' court from February 16, 1907, to February 11, 1913, could not reasonably be construed as orders fixing the compensation of the county treasurer on a percentage or commission basis not to exceed the maximum amount named. (2) In failing to hold that plaintiff was estopped by reason of his acceptance of and acquiescence in said orders, and especially those orders made by the commissioners' court after plaintiff went into office.

[4, 5] 1. It will be noted that in the order of February 16, 1907, the commissioners' court failed to fix any rate of compensation on a commission or percentage basis for the year ending November 28, 1907, but merely stated that the maximum should be "a total fee of $1,600." The rate was not fixed by the court, but left to be determined by the amount of receipts and disbursements on the one hand, and the fixed maximum of $1,-600 on the other. The rate could not be determined by either court or officer until the close of the year, and was then of no controlling effect, but only an incident to and result of the two factors above mentioned. We do not think that such an order can reasonably be construed as one fixing the rate of compensation, or as one fixing the compensation of the treasurer on a commission basis. Upon no other basis has the commissioners' court authority to fix the treasurer's compensation. It is provided in the order of February 16th that:

"From November 28, 1907, until the commissioners' court may change it, he [the treasurer] shall receive 1¾ per cent. for receiving and 1¾ per cent. for disbursing county funds."

Therefore, from November 28, 1907, to February 12, 1909, there was no limitation upon the salary of the treasurer except as to the rate of compensation, to wit, 1¾ per cent. Hence, the order of February 12, 1909, which provides that "the county treasurer is to receive the same compensation that he received for the last two years, being sixteen hundred dollars per year," cannot be held to be a legal exercise of the authority of the commissioners' court to fix the treasurer's compensation, because if the expression "for the last two years" be referable to the year preceding November 28, 1907, as shown herein, no rate was fixed at all. If the expression be referable to that portion of the order which provided for a compensation of 1¾ per cent., such order did not attempt to fix any maximum of fees at all. The subsequent orders set out in the original opinion do not purport to fix any rate of commission, unless they do so by reference to the first order. As the only rate fixed in this one, as we view it, is 1¾ per cent. commission, we hold that our conclusions reached in the original opinion must be adhered to. Moreover, the majority, at least, hold that the commissioners' court had no power to fix the maximum compensation of the treasurer at a less amount than that fixed by statute, except as it might be reduced by lowering the rate of commission. Associate Justice Dunklin does not concur in this last conclusion, but does concur in the holding that the order of February 16, 1907, does not lawfully fix any other rate of compensation than 1¾ per cent. He is of

the opinion that an order of the commissioners' court, fixing a maximum of fees to be retained at a certain sum less than the maximum of $2,000 fixed by the statute, without fixing the rate of commissions, would be valid, for in that event the maximum rate of commissions provided by the statutes would govern, and the effect of such an order would be that the treasurer would be allowed to retain commissions at that rate until the maximum amount so fixed by the order should be collected, and thereafter the treasurer would receive nothing more for his services.

2. As to the second proposition urged, we think the holding in the Montgomery v. Talley Case is conclusive. If, as it is held, the treasurer would not be estopped from claiming the compensation allowed by statute because he had accepted the office, knowing that the commissioners' court had attempted to fix a different basis of compensation, we cannot see how he would be estopped by reason of his continuance in office and his acceptance of the compensation allowed, and his alleged tacit acquiescence in the construction of an order which did not meet the requirements of the law.

The motion for rehearing is overruled.