[Civ. No. 10106. Third Dist. Apr. 10, 1961.]

FILIPINO FEDERATION OF AMERICA (a Corporation), Respondent, v. CLEMENTE REPOLLO et al., Appellants.

Richard B. Daley for Appellants.

Mazzera, Snyder & DeMartini and J. Calvert Snyder for Respondent.

WARNE, J. pro tem.*—Plaintiff brought this action against the defendants to recover the sum of $3,650 alleged to have been loaned to defendants at their special instance and request. The case was tried by the court sitting without a jury and judgment was entered in favor of plaintiff for the sum of $3,650, plus accrued interest and costs. Defendants have appealed from the judgment.

The record discloses that the $3,650 represented the cost of an additional room built on the appellants' home in 1954 and paid for by respondent. At that time appellant Clemente Repollo was a member and an officer of the respondent, Filipino Federation of America, a corporation. During this period General Hilario C. Moncado was the president of the respondent corporation.

Prior to February 1954, General Moncado was in Stockton visiting appellants at their home. The home at that time consisted of six rooms. Living with appellants were their son and two nieces. Appellant Clemente Repollo testified, in effect, that General Moncado broached the subject of building an additional room onto appellants' home in order for him to have a place to stay whenever he was in Stockton. Appellant also testified that General Moncado told appellants that they would not have to pay for it and to ignore any request for payment thereafter made by any officers of the corporation. It is admitted that corporate funds were used for the construction of the addition to appellants' home.

It further appears that on February 7, 1958, the corporation demanded payment of the sum advanced, i.e., $3,650; that appellants refused to pay; that appellants never told the officers of the corporation that the room was for General Moncado and nobody else; that appellant Catalina Repollo consulted with the contractor and made arrangements for building the addition; that the contractor sent the bills to appellants; that appellants retained ownership of the house and the additional room which was constructed and used it; that most of the time after the construction of the additional room when General Moncado came to Stockton he stayed at a hotel; and that he occupied the room in question only on one occasion. General Moncado died prior to the corporation's demand for payment.

The board of directors of the respondent corporation met on February 10, 1954, purportedly for the purpose of acting

*Assigned by Chairman of Judicial Council.

upon appellants' request for a loan of $3,650 to cover the cost of the additional room. The trial court admitted a certified copy of the minutes of this meeting into evidence. The minutes read as follows:

"SPECIAL MEETING OF THE BOARD OF DIRECTORS OF THE FILIPINO FEDERATION OF AMERICA, INC.

"At a Special Meeting of the Board of Directors of the Filipino Federation of America, a corporation, held on the 10th day of February, 1954, at the hour of 1 o'clock P. M., at the Principal Office of said corporation, 14 Washington Professional Building, Los Angeles, 18, California, at which meeting a majority of the directors were present, a resolution was presented that

"RESOLVED, that Clemente Repollo of Stockton, California, a member of good standing of the Filipino Federation of America, be granted his request for a loan of $3,650.00 for the purpose of constructing an annex to his original house which is presently overcrowded and Clemente Repollo will repay the loan without interest at any time; and be it further

"RESOLVED, that payments should be made direct to Mr. Robert O. Wheeler, General Building Contractor, Stockton, California, by the Filipino Federation of America as follows:

| | |
|---|---|
| February 16, 1954 | $ 600.00 by cash |
| March 2, 1954 | 600.00 by check |
| " 12, " | 625.00 by " |
| April 12, " | 400.00 by " |
| May 12, " | 400.00 by " |
| June 12, " | 400.00 by " |
| July 12, " | 625.00 by " |
| Total | $3,650.00 |

"It has been moved and seconded that the said resolution should be adopted.

"On motion duly made, seconded, and carried, the resolution was adopted unanimously.

"There being no further business coming before the meeting on motion the meeting adjourned.

"/s/ Rosita Seno
Secretary, Filipino Federation
of America, Inc.

"The foregoing is certified to be a true and correct copy of the Minutes of the Special Meeting of the Board of Directors of the Filipino Federation of America, Inc. held

on the 10th day of February, 1954, at the hour of 1 o'clock
P.M.          "     Pedro P. Ungui

"Dated:                       Secretary
February 26th, 1959"

Appellants contend that the trial court erred in admitting into evidence the above-quoted minutes of the board of directors of respondent corporation. They argue that these minutes were made outside the presence of the appellants and are therefore self-serving hearsay statements, and at most were only admissible to show the action of the board itself. Further, they claim there is no substantial evidence to support the judgment. Respondent on the other hand contends that the recital in the minutes that the expenditure of corporate funds was to be pursuant to appellants' request for a loan is by virtue of section 832 of the Corporations Code prima facie evidence of the advance.

We have concluded that the declaration in the minutes that the transaction was pursuant to a "request for a loan" is inadmissible hearsay as appellants contend. ▓▓▓ While section 832 of the Corporations Code creates an exception to the hearsay rule to the extent that certified minutes of a corporation are admissible to show the action taken by the corporation, or what transpired at the meeting (*People* v. *Hidalgo,* 134 Cal.App. 293 [25 P.2d 270] ; *People* v. *Ratliff,* 131 Cal.App. 763 [22 P.2d 245]), the statute does not change the rule of competency or relevancy with respect to recorded facts which are hearsay. ▓▓ True, as against persons having knowledge of their contents the minutes may be admissible as embodying an admission. (5 Wigmore, Evidence [3d ed. 1940], § 1661, p. 643.) ▓▓ And in cases where the existence of a gift is in issue, declarations of a decedent may be admissible on the issue of intent. (*Sprague* v. *Walton,* 145 Cal. 228, 234 [78 P. 645] ; *Wilcox* v. *Salomone,* 118 Cal. App.2d 704, 711-713 [258 P.2d 845].) ▓▓ The question is whether or not under the Corporations Code section the recital in the corporate minutes that Repollo made a request for a loan was admissible evidence of that *fact.* In the absence of statute, evidence of this kind for the purpose stated would be inadmissible hearsay. (5 Wigmore, Evidence, *supra,* p. 643.)

The case of *Duff* v. *Schaefer Ambulance Service, Inc.,* 132 Cal.App.2d 655, 673 [283 P.2d 91], relied upon by respondent, is not determinative of this issue. In that case the court held that the minutes of the board of directors of the Sportswear Joint Council were admissible to show that a union's repre-

sentation at a television program did not include a particular employee. Apparently, the recital in the minutes was determinative of who was authorized to attend the program.

Section 1920 of the Code of Civil Procedure provides in part: ''Entries in public or other official books or records, . . . , are prima facie evidence of the facts stated therein.'' The language is similar to that of section 1926 of the Code of Civil Procedure. Both sections are similar to section 832 of the Corporations Code in this respect. In *Reisman* v. *Los Angeles City School District,* 123 Cal.App.2d 493, 506 [267 P.2d 36], the court considered the admissibility of a school board report on the use of asphalt paving in school yards. The report was held to be inadmissible under sections 1920 and 1926 of the Code of Civil Procedure to show purported facts which would not have been admissible as oral testimony. The court cited *McGowan* v. *City of Los Angeles,* 100 Cal.App.2d 386, 392 [223 P.2d 862, 21 A.L.R.2d 1206], stating: ''The statute does not change the rules of competency or relevancy with respect to recorded facts. It does not make that proof which is not proof. It merely provides a method of proof of an *admissible* 'act, condition or event.' It does not make the record admissible when oral testimony of the same facts would be inadmissible.'' (To the same effect see *Behr* v. *County of Santa Cruz,* 172 Cal. App.2d 697, 705-706 [342 P.2d 987].) In the present case if a member of the board of directors had attempted to testify that General Moncado told him that Repollo had requested a loan, and if such testimony were offered to show that in fact Repollo had requested a loan, such testimony would be inadmissible hearsay. (*People* v. *Peete,* 28 Cal.2d 306, 321 [169 P.2d 924] ; *Barcroft* v. *Livacich,* 35 Cal.App.2d 710, 718 [96 P.2d 951] ; *Thompson* v. *Orena,* 134 Cal. 26, 30 [66 P. 24] ; *Ensign* v. *Southern Pac. Co.,* 193 Cal. 311, 321 [223 P. 953].) As oral testimony of the same facts for the purpose offered would have been inadmissible, the minutes offered are not raised to any higher dignity under section 832 of the Corporations Code. The admission of the minutes into evidence was prejudicial error.

The judgment is reversed.

Van Dyke, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied May 9, 1961, and respondent's petition for a hearing by the Supreme Court was denied May 31, 1961. Schauer, J., and Peters, J., were of the opinion that the petition should be granted.