## W. A. HOLT v. ROCKWALL COUNTY.

Delivered   November 16, 1901.

**Counties—Suit Against—Presentment of Claims.**

  Article 790, Revised Statutes, providing that claims against a county must-
be presented for allowance before suit thereon, is not applicable where the
suit is brought under article 4745 to recover damages to land caused by a pub-
lic road, where the commissioners court and the owner have disagreed as to the-
amount of the damages.

Appeal from Rockwall.   Tried below before Hon. J. E. Dillard.

*W. B. Wade* and *W. C. Jones,* for appellant.

*Stroud & Ridgell* and *H. M. Wade,* for appellee.

TEMPLETON, ASSOCIATE JUSTICE.—Holt sued Rockwall County to-
recover damages occasioned to his premises by reason of ditches having
been dug thereon by a road overseer for the purpose of draining a pub-
lic road.   It was alleged that the county, by order of its commissioners
court made and entered in term time, directed the overseer to cut the-
ditches and assessed the damages to Holt's property at $15, which he,
upon learning of the order and allowance, refused to accept.   Demurrers.
to the petition, based upon the ground that the claim for damages had
not been presented to the commissioners court for allowances, were sus-
tained, and, the plaintiff declining to amend, the suit was dismissed.

The suit was brought under article 4745 of the Revised Statutes, which
provides that "whenever it is necessary to drain the water from any pub-
lic road, the overseer shall cut a ditch for that purpose, having due re-
gard to the natural water flow, and with as little injury as possible to-
the adjacent land owner; provided, that in such cases the commissioners.
court shall cause the damages to such premises to be assessed and paid
out of the general revenues of the county, and in case of disagreement
between the commissioners court and such owner, the same may be set-
tled by suit as in other cases."   The petition charged the cutting of the
ditch; the damage to Holt's property; the recognition by the county of
such damages; the assessment of the damages at $15, and the refusal of
Holt to accept the allowance.   These facts, if true, showed a disagree-
ment between Holt and the county as to the amount of damages to which
he was entitled, and authorized the bringing of this suit.   The article
of the statute quoted above provided a special procedure for cases aris-
ing thereunder; and article 790, which declares the general rule that
suits can not be brought on claims against a county until after the claims
have been presented for allowance, and is not applicable.   By article
4745, supra, the county is required to take the initiative, and assess the-
damages, which was done in this case.   When this was done, it was mani-
fest that Holt had the option to accept or reject the offer made by the

county. Having rejected it, the disagreement between the parties was complete, and further negotiations were not required as a prerequisite to bringing suit.

The judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*