## C. J. H. VOSS v. COUNTY OF HARRIS.

Decided October 15, 1903.

**1.—Practice on Appeal—Judgment.**

A judgment predicated upon conflicting evidence with proof enough to support it, will not be disturbed.

**2.—County—Liability of.**

Counties are not liable for damages resulting from the negligence of their officers or agents, unless made so by statute. There is no evidence in this case which would bring it within the statute.

Appeal from the District Court of Harris. Tried below before Hon. W. P. Hamblen.

*Byers & Byers,* for appellant.

*F. L. Schwander,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—Appellant brought this suit to recover damages alleged to have been caused by the taking by appellee of appellant's easement in a ditch or drain described in the petition, and alleged to have been constructed by appellant for the purpose of draining his farm, consisting of ninety-seven acres of land, in Harris County. The damages claimed were the value of the ditch alleged to have been taken, the value of the crops alleged to have been destroyed by the overflow of appellant's farm caused by the taking and obstructing said ditch, and the depreciation in value of appellant's land due to its repeated overflow caused by the obstruction of said ditch.

The cause was tried in the court below without a jury and judgment was rendered in favor of the defendant. At the request of appellant the trial judge filed the following conclusions of fact and law:

"C. J. H. Voss v. Harris County.—Upon motion of plaintiff the court files the conclusions of law and fact:

"Conclusions of Fact.—1. The court concludes that the claims for damages sued on were presented to the Commissioners Court of Harris County, and said court failed to act on the same.

"2. The court concludes there was no sufficient evidence of damages, and whatever proof was made on the subject of damage to crops was too uncertain and vague upon which to render judgment for plaintiff.

"3. The court concludes that there was no proof of permanent damages to the land.

"4. The court concludes that the damage to the ditch was caused by the disuse of the same and allowing to grow grass and weeds to choke it, and allowing it to fill up, and as the ditch was never used or cleaned out after the storm of September 8, 1900, the conclusion is that it might have still drained the land if kept in repair.

"Conclusions of Law.—1.   Upon all the proof in the case the plaintiff should not recover under the law.

"W. P. HAMBLEN, Judge Presiding."

The evidence as to whether the obstruction of the ditch by the construction of a county road across same caused the overflow of appellant's land was conflicting, but there is ample evidence to sustain the allegations of the petition in this regard.

We are also of the opinion that the evidence of damage was sufficient to entitle the plaintiff to recover had the trial court found that the overflow of plaintiff's land was caused by the obstruction of the ditch, provided the appellee could, upon the facts in evidence, have been held liable for the damages thus caused.

There is no evidence in the record showing that the county of Harris, by an order of the commissioners court, took or condemned appellant's easement in said ditch.   True, it laid out and constructed a public road across the ditch, and in constructing said road the ditch was obstructed, but the undisputed evidence shows that a culvert could have been placed in the road over said ditch and no injury to the ditch would have resulted from the road thus constructed.   We think it clear that the injury complained of by appellant, if occasioned by the obstruction of his ditch, was caused by the negligence of appellee's officers and agents in constructing said road.   That appellee is not liable for an injury so caused is well settled.   Heigel v. Wichita County, 84 Texas, 392; Crause v. Harris County, 44 S. W. Rep., 616.

We think the judgment of the court below should be affirmed, and it is so ordered.

*Affirmed.*