## J. M. WILLIAMS v. BOWIE COUNTY.

Decided December 2, 1909.

**Suit against County—Presentation of Claim.**

Article 790, Revised Statutes, while requiring a claim against a county to be presented to the Commissioners' Court for allowance before bringing suit, does not require that it be rejected. It is sufficient if the claim has been presented and reasonable time for action thereon allowed, though no action has been taken.

Appeal from the County Court of Bowie County. Tried below before Hon. Joe Hughes.

*Hart, Mahaffey & Thomas,* for appellant.

*Patrick G. Henry,* for appellee.

HODGES, ASSOCIATE JUSTICE.—Appellant is the owner of a claim amounting to $452.06, based upon fees which he alleges were due him in criminal cases decided by him as justice of the peace, in which the defendants had paid the fines and costs by service upon the public roads of Bowie County. The petition alleges that the claim was presented to the Commissioners' Court of Bowie County, and that said court refused and neglected to pay the same. Bowie County answered, among other defenses, by a plea alleging that the suit should be dismissed because the claim upon which the plaintiff's demand is founded has never been refused allowance by the Commissioners' Court of Bowie County, and that the court had not neglected to audit and allow the same or any part thereof. It seems that as a preliminary proceeding the court heard evidence upon that issue alone, and rendered judgment dismissing the case. The sole question here involved is, whether or not the court committed error in sustaining the plea in abatement and in dismissing the appellant's suit. The testimony, we think, shows beyond controversy that the claim had been presented to the Commissioners' Court, and that that body had been allowed ample time within which to audit and allow it, but that it had failed to do so. Art. 790 of the Revised Civil Statutes, while requiring claims against the county to be first presented to the Commissioners' Court for allowance as a condition precedent to the institution of suits against the county, does not make it also a condition precedent to the filing of suits that such claims should have been positively rejected and payment refused. It is sufficient if the court "neglects" to allow the claim. We think "neglect," as that term is here used, is sufficiently shown when it appears from the evidence that the court has been given a reasonable time within which to act and has failed to allow the claim. The purpose of the statute is to furnish the representatives of the county an opportunity to pay demands against it without being harrassed by suits for their collection. We think the evidence, which is undisputed, abundantly shows that this has been done in this case, and that the court should not on that account have dismissed the suit. As to whether this claim belongs to a class not necessary to be presented to the Commissioners' Court for allowance as a condition precedent to the institution of a suit against the county is not here decided, a decision of that issue not being essential to a determination of the merits of the assignment presented.

For the error complained of the judgment of the County Court is reversed and the cause remanded.

*Reversed and remanded.*