WHISENANT v. SCHAWE.

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 4, 1911.)

1. TRIAL (§ 315*)—CONDUCT OF JURY—QUOTIENT VERDICT.

The jurors, after determining defendant's liability and agreeing as to an item of $751.18, agreed that additional damages should be determined by each juror writing down the amount of damage he was in favor of finding, and that the sum of such amounts divided by 12 should constitute the verdict. *Held*, that the verdict was illegal.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 740, 741; Dec. Dig. § 315.*]

2. VENUE (§ 7*)—PROVISIONS OF CONTRACT.

Under Rev. St. 1895, art. 1194, subd. 5, suit on a contract for the exchange of property, "enforceable at Weatherford, in Parker county, Texas," is properly brought in Parker county.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 13–16; Dec. Dig. § 7.*]

3. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—INSTRUCTIONS.

Where the statements accompanying assignments objecting to charges given by the court point out no state of facts showing error, the assignments will be overruled.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

4. APPEAL AND ERROR (§ 499*)—BILL OF EXCEPTIONS—OBJECTIONS TO EVIDENCE.

Where objection is made to the introduction of certain evidence, but the bill of exceptions fails to show what the objection was, it will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2299; Dec. Dig. § 499.*]

Appeal from District Court, Parker County; J. W. Patterson, Judge.

Action by A. Schawe against John Whisenant. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Preston Martin, for appellant. Speer & Weldon and Stennis & Wilson, for appellee.

CONNER, C. J. By a written contract in terms made "enforceable at Weatherford, in Parker county, Texas," the parties to this action agreed upon an exchange of properties; appellee thus agreeing to transfer his interest in a dry goods business in Weatherford, transacted in the name of the Thompson Dry Goods Company, for which in part the appellant agreed to convey seven sections of land situated in Loving county, Tex. This suit was instituted for damages by the appellee, Schawe, on the ground of an alleged breach of the contract referred to, and he succeeded in recovering a judgment therefor in a total sum of $2,500.18, of which an item of $751.18 seems not to be controverted. On appeal from the judgment mentioned, appellant presents numerous assignments of error; but the only one which, as presented, requires a reversal, is appellant's ninth, and that we sustain.

[1] Complaint is made in the assignment referred to of the action of the court in re-

fusing to grant a new trial on the ground of misconduct on the part of the jury in arriving at their verdict. The facts relating to this question, as developed by the affidavits of several of the jurors and by the oral testimony heard upon the motion for new trial, are substantially to the effect that the jury were agreed upon the issue of appellant's liability and as to the item of $751.18, but that upon another issue of damages submitted by the court there was a disagreement, 4 of the jury refusing to award any damages other than the item mentioned, while 8 were in favor of finding additional damages in appellee's favor for various sums ranging as high as $5,000; that finally, late in the afternoon of the day following the submission of the cause, it was agreed that each of the jury would consent to the assessment of some amount of damage on the disputed issue, and that each would put down on a slip of paper the amount of damage he was in favor of finding, and that the several amounts should be added together and the total divided by 12, the result to constitute the verdict. In the language of one of the witnesses: "That was agreed on before the amounts were written down on the slips of paper." The quotient obtained by the division as agreed upon seems to have been $1,758, but some one of the jurors said: "Cut that off [the $8], and just make it even $1,750," to which all agreed, and the verdict, as returned and approved by the court, was: "Account, seven hundred and fifty-one dollars and eighteen cents; damage, seventeen hundred and fifty dollars." Another juror, testifying upon the hearing of the motion, said: "It was agreed that each man should put down some amount, add them together, and divide by 12, and that would be the verdict on damages." Yet another juror, testifying on the point, said: "The votes were to be added, the amount divided by 12, and the result was to be the verdict, the damages allowed. The result was $1,758 and something, and some one, I don't know who, suggested that we just make it even money, $1,750, and it was put down $1,750. No vote was taken on its being $1,750."

Without quoting further from the testimony, we think it is not to be doubted that it was substantially agreed upon before the division made that the jury would be bound by the result and that the agreement induced the result. We attach no weight, as indicating otherwise, to the fact that the $8 was rejected, and the verdict returned in the even amount shown. The case seems quite as clear a violation of the rule of law on the subject as that of Texas Midland Ry. Co. v. Atherton, by the Court of Civil Appeals for the Fifth Judicial District, published in 123 S. W. 704, and which we think is supported by other authorities.

[2] In view of another trial, we should perhaps say that in our judgment the alleged defects in the citation served upon defendant are no longer material subjects for consideration, and that in view of the specific terms of the contract the venue of the suit was properly maintained in Parker county by virtue of the fifth paragraph of article 1194, Revised Statutes.

[3] Several assignments are presented, objecting to charges given by the court; but no such state of facts is pointed out in the statements under these assignments as show error, and the assignments have, therefore, been overruled on this ground.

[4] In the seventh assignment, objection is made to the introduction of certain evidence; but the bill of exception fails to show what the objection was. No consideration, therefore, has been given to the assignment.

We conclude that the judgment must be reversed, and the cause remanded, because of the error discussed.