### PALO PINTO COUNTY v. GAINES.
#### (No. 7963.)

(Court of Civil Appeals of Texas. Ft. Worth. May 2, 1914. Rehearing Denied May 30, 1914.)

HIGHWAYS (§ 115*)—DAMAGES FROM CONSTRUCTION—OVERFLOWING LANDS.

Under Rev. St. 1911, art. 6935, providing that, whenever it is necessary to drain the water from any public road, the overseer shall cut a ditch for that purpose, having due regard to the natural flow, and with as little injury as possible to the adjacent landowner, provided that in such cases the commissioners' court shall cause the damages to be assessed and paid out of the general revenue of the county, a county was liable for damages to adjacent landowners for the overflow of their lands incident to the construction of a road, though there was no technical taking of the property.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 358–370, 372, 373; Dec. Dig. § 115.*]

Appeal from District Court, Palo Pinto County; W. J. Oxford, Judge.

Action by A. J. Gaines against Palo Pinto County. From a judgment for plaintiff, defendant appeals. Affirmed.

J. T. Ranspot and W. F. Smith, both of Palo Pinto, and Theodore Mack, of Ft. Worth, for appellant. W. H. Penix, of Mineral Wells, for appellee.

SPEER, J. This is an action by A. J. Gaines against Palo Pinto County to recover damages for the overflow of certain farm lands alleged to have been caused by the construction by the defendant county of a public road in such way as to back the surface water upon the plaintiff's land and to destroy his growing crops. The defendant answered, there was a trial before a jury on special issues, followed by a judgment for the plaintiff, and the defendant appeals.

The principal contention of appellant is that, since the county did not take or appropriate any part of appellee's property, and since, furthermore, the county would not be liable for the negligent acts of its officers or agents in the construction of the public road adjacent to appellee's property, the judgment in this case is therefore not supported by the facts pleaded or proved. There is an objection to our considering the assignments complaining of the error of the court in overruling the exceptions, because such exceptions were not called to the attention of the trial court, and his action thereon shown in the judgment; but, since the same question practically arises upon other assignments, we may as well consider all.

Appellee's cause of complaint in the present case, if he has any, is that in constructing a causeway for an established road the county has built up an embankment without placing the necessary culverts, in such a way as to obstruct the natural flow of the water from his land and to cause the same to back up on it and to destroy his crops. Under the undisputed facts there appears to be no question but that the road was constructed as it was under the authority and direction of the county, and there is, therefore, no question of individual negligence of the overseer or other agents of the county in the matter of its construction. Article 6935, Revised Statutes 1911, specifically declares:

"Whenever it is necessary to drain the water from any public road, the overseer shall cut a ditch for that purpose, having due regard to the natural water flow, and with as little injury as possible to the adjacent landowner: Provided, that in such cases the commissioners' court shall cause the damages to such premises to be assessed and paid out of the general revenues of the county, and in case of disagreement between the commissioners' court and such owner, the same may be settled by suit as in other cases."

It thus appears that the county is expressly made liable for damages to adjacent landowners for the overflow of lands incident to the construction of its roadways. See Voss v. Harris County, 33 Tex. Civ. App. 249, 76 S. W. 600. Whether such be technically a taking of the plaintiff's property or not is immaterial, if the statute expressly makes the county liable in damages.

It is complained that the court erred in rendering judgment for the plaintiff upon the answers of the jury, for the reason that the same were contradictory of each other. It is true the jury did answer, in response to special issues submitted by appellant, that appellee erected a levee on the north side of his land and near to the public road of about

the same height as the road grade, and that its effect was to some extent to obstruct the flow of water in the county's ditch; yet in response to another question they expressly answered that the water would have been impounded upon appellee's land, had it not been for the construction by him of said embankment or levee. We have examined all of the issues submitted, together with the answers returned, and are of the opinion that on the whole they support the judgment affirming appellant's liability, under the statute cited and within the rule announced in Voss v. County, supra.

The judgment of the district court is therefore affirmed.

Affirmed.