### MEDFORD v. HENDRICKS.
### No. 848.

Court of Civil Appeals of Texas. Eastland.
April 10, 1931.

Rehearing Denied May 8, 1931.

J. Lee Cearley, of Cisco, and O. F. Chastain, of Eastland, for appellant.

Barker & Orn, of Cisco, for appellee.

LESLIE, J.

■ This was a suit by W. L. Medford, appellant, against E. O. Hendricks, appellee, for damages alleged to have been occasioned him as a result of a collision of their automobiles, due to the negligence of said Hendricks. The trial resulted in a judgment

in favor of the defendant, and the plaintiff has appealed and seeks a reversal of the judgment of the trial court upon propositions of law, to the effect that the trial court erred in overruling his motion for a new trial, since by that motion and the testimony introduced thereon misconduct of the jury was established warranting a new trial.

Three jurors testified as witnesses concerning the misconduct alleged in the motion. The testimony of two of them tends to support the charges alleged, but the testimony of the third is quite specific and positive to the contrary. It is simply a case of conflicting testimony, and upon such an issue presented by a motion for a new trial, and as held by this court in Estep v. Bratton, 24 S.W.(2d) 465, 469, paragraphs 5 and 6, "it is the province and duty of the trial judge to pass upon the credibility of witnesses and the weight to be given to the testimony and to find the facts, which findings are binding upon the Court of Civil Appeals if supported by sufficient evidence." Upon the sole issue of the existence or not of misconduct, as alleged, the trial court has heard the testimony and resolved it against appellant. He failed to sustain his allegations of misconduct, and, the evidence amply supporting the conclusions of the trial court, this court is not authorized to disturb the same. Sandifer v. Ft. Worth Nat. Bank (Tex. Civ. App.) 8 S.W.(2d) 512; Hatt v. Walker (Tex. Civ. App.) 33 S.W.(2d) 489.

For the reasons assigned, the propositions are overruled, and the judgment of the trial court is affirmed.