### TEXAS EMPLOYERS' INS. ASS'N v. CHOCOLATE SHOP, Inc.
### No. 1515—5817.

Commission of Appeals of Texas, Section A.
Jan. 6, 1932.

McBroom & Scott and Fryer & Cunningham, all of El Paso, for plaintiff in error.

J. Walker Morrow, of El Paso, for defendant in error.

CRITZ, J.

We refer to the opinion of the Court of Civil Appeals for a full statement of the nature and result of this case. 30 S.W.(2d) 416.

The application for this writ contains five assignments of error, but they all amount to one contention, which is, that the verdict of the jury is tainted with misconduct, in that the jury first agreed on a result to be accomplished by the verdict, and then designedly framed their answers to the several questions propounded so as to accomplish the agreed result. In connection with the above, it is further contended by the plaintiff in error that the record sustains the assignments as a matter of law.

In order to pass on the issue of misconduct, we have found it necessary to read the entire record bearing on that question. The record shows that four jurors were sworn and testified with reference to the issue of misconduct.

The jurors G. E. Barnhardt and B. E. Cole both testified rather extensively with reference to their thoughts and motives in making the answers they did to the several questions propounded. Both these jurors also testified with reference to certain discussions engaged in by some of the jurors as to who would benefit by any recovery against the defendant. However, the testimony of both of these jurors taken as a whole negatives the contention that the jury first agreed on the result to be accomplished, and then designedly answered the several questions so as to accomplish that result.

The jurors Ernest Jordan and Harry F. Gilluly both testified to facts which if believed by the court would establish a verdict tainted with misconduct as contended for by the plaintiff in error.

With the record in the above condition, no issue of law is involved, but only a question of fact. The trial judge heard the testimony of the four jurors, and overruled the motion for a new trial which contained the assignments bearing on the alleged misconduct. Where the evidence as to whether the alleged misconduct ever actually took place is conflicting, it is the province of the trial judge to determine the issue of fact, and his determination of such issue should not be disturbed, unless palpably wrong. At any rate, we presume in favor of the judgment

that the district judge found that the alleged misconduct did not in fact occur. This judgment has been affirmed by the Court of Civil Appeals in an opinion which, in effect, sustains such finding. Under such a record, it is not within the province of the Supreme Court to disturb the judgment. Of course, in a case where the record establishes the fact issue as a matter of law, the Supreme Court has the power to determine the legal result, but, where the evidence is conflicting, it is not within the province of the Supreme Court to determine an issue of fact. Bradley v. T. & P. Ry. Co. (Tex. Com. App.) 1 S.W.(2d) 861; St. Louis, B. & M. Ry. Co. v. Cole (Tex. Com. App.) 16 S.W.(2d) 534.

We recommend that the judgment of the Court of Civil Appeals and the district court be both affirmed.

CURETON, C. J.

Judgments of the district court and Court of Civil Appeals are both affirmed, as recommended by the Commission of Appeals.