**CORYELL COUNTY v. FEGETTE et ux.**

**No. 1443.**

Court of Civil Appeals of Texas. Waco.
Feb. 22, 1934.

Rehearing Denied March 15, 1934.

Robert W. Brown and Floyd Zeigler, both of Gatesville, for appellant.

R. B. Cross, of Gatesville, for appellees.

GALLAGHER, Chief Justice.

This suit was instituted in the county court of Coryell county by appellees, J. D. Fegette and wife, against appellant, Coryell county, to recover damages to land owned by them and crops growing thereon, which damages they alleged were proximately caused by the manner in which appellant constructed certain improvements on a road adjacent thereto. They alleged that the damages so caused to their land amounted to the sum of $200 and that the value of their crops so destroyed was the sum of $50. They further alleged that prior to filing said suit they presented a claim for the damages so sustained by them to the commissioners' court of said county, and that said court considered and rejected the same.

Appellant filed a plea assailing the jurisdiction of the county court and asking that the suit be dismissed, which plea was overruled. Appellant also pleaded a general denial, and by cross-action sought recovery for damages to its roadbed, which damages it alleged were proximately caused by an embankment erected by appellees on their land adjoining the roadway.

The case was submitted on special issues, in response to which the jury found that appellees had been damaged by the improvements made by appellant on its road in the aggregate sum of $71.55, and that appellant's road had been damaged by the embankment erected by appellees in the sum of 71 cents. The court deducted the latter amount from the former and rendered judgment against appellant in favor of appellees for the remainder, $70.84.

### Opinion.

Appellant contends that the court erred in overruling its plea to the jurisdiction of the court. Said plea was in legal effect a demurrer to appellees' petition on the ground that it showed on its face that the county court, in which it was filed, was without jurisdiction. Appellant's contention is based on the fact that appellees alleged that they had presented to the commissioners' court a claim for the damages sued for and that such claim was rejected. Appellant further contends in that connection that the commissioners' court, in considering and rejecting said claim, acted judicially; that its order rejecting the same constituted a final adjudication of the issue of liability on the part of appellant therefor; and that jurisdiction to review such order is vested solely in the district court. Commissioners' courts are created by the Constitution and given such powers and jurisdiction over all county business as is conferred by other provisions thereof, or by legislative enactment thereunder. Constitution, art. 5, § 18. The Constitution further provides that district courts shall have appellate jurisdiction and general supervisory control over commissioners' courts, with such exceptions and under such regulations as may be prescribed by law. Id., art. 5, § 8. Commissioners' courts are given by statute specific authority to audit and settle all accounts against the county and direct their payment. R. S. art. 2351, subd. 10. When a commissioners' court considers and allows a claim against the county and directs its payment, it is exercising the authority so conferred and is acting judicially, and its order allowing such claim has the force and effect of a final judgment, which can be reviewed and vacated only in the manner provided by law in such cases. Ashburn Bros. v. Edwards County (Tex. Com. App.) 58 S. W.(2d) 71, 73, par. 2, and authorities there cited; August A. Busch & Co. v. Caufield (Tex. Civ. App.) 135 S. W. 244 (writ refused); Edmondson v. Cummings (Tex. Civ. App.) 203 S. W. 428, 429, par. 4. Appellant has not cited any statute authorizing the commissioners' court to judicially determine that the county is not liable on a claim against it presented to such court for allowance. Neither has it cited any case holding that an order of a commissioners' court rejecting a claim against the county constitutes a valid adjudication of nonliability for the payment of such claim. Article 1573 of our Revised Statutes provides that no county shall be sued unless the claim upon which such suit is founded shall have been first presented to the commissioners' court for allowance and such court shall have neglected or refused to audit and allow the same, or any part thereof. The language of said article indicates that the rejection by the commissioners' court of a claim against the county, or the failure of such court to act on the same, is merely a condition precedent to the filing of a suit to recover thereon, and it has been so held. Stevens v. Jim Wells County (Tex. Civ. App.) 32 S.W.(2d) 889, 890, par. 4; Norwood v. Gonzales County, 79 Tex. 218, 223, 14 S. W. 1057; Hill County v. Hamilton (Tex. Civ. App.) 273 S. W. 292, 293, pars. 1 and 3; Williams v. Bowie County, 58 Tex. Civ. App. 116, 123 S. W. 199; Anderson v. Ashe, 99 Tex. 447, 452, 90 S. W. 872; Shelby County v. Caldwell (Tex. Civ. App.) 48 S. W.(2d) 761, 763, par. 7. Our Supreme Court has held that claims of the character asserted by appellee herein come within the

provisions of article 6730 of our Revised Statutes, which article provides in part that in such cases the commissioners' court shall cause the damages to be assessed and paid out of the general revenues of the county, and that in case of disagreement, the same may be settled by suit as in other cases. Harris County v. Gerhart, 115 Tex. 449, 283 S. W. 139, 140, par. 2, and authorities there cited. See, also, Voss v. Harris County, 33 Tex. Civ. App. 249, 76 S. W. 600, 601; Palo Pinto County v. Gaines (Tex. Civ. App.) 168 S. W. 391; Holt v. Rockwall County, 27 Tex. Civ. App. 365, 65 S. W. 389. Conceding that upon the failure of the commissioners' court to assess appellees' damages and pay the same, they were required to present their claim to the commissioners' court, the purpose of such requirement was merely to afford such court an opportunity to investigate and adjust the same without litigation, and even an informal or oral presentation thereof would have been sufficient. Southern Surety Co. v. McGuire (Tex. Civ. App.) 275 S. W. 845, 847, par. 6 (writ refused), and authorities there cited. See, also, Jones County v. Moore (Tex. Civ. App.) 4 S.W.(2d) 289, 292, par. 8 (writ refused), and authorities there cited; Angelina County v. Bond (Tex. Civ. App.) 16 S.W.(2d) 338, 339, par. 3, and authorities there cited. The Legislature was authorized, by the terms of the constitutional provision conferring appellate jurisdiction and control upon the district court, to except any particular proceeding therefrom. Appellees were, by the terms of the statute last cited, authorized to proceed to establish and enforce their demand by plenary suit in a court of competent original jurisdiction. The county court of Coryell county had jurisdiction of the cause of action asserted by them, and appellant's plea to the jurisdiction thereof was properly overruled.

■ Appellant contends that the court erred in overruling its motion for new trial based upon alleged misconduct of the jury. One of the issues submitted involved a finding by the jury of the amount of damages sustained by appellees as the result of injury to their crops and to their land. The jury found that the amount of damage to appellees' crops was $50 and to their land $21.55. All the jurors testified on the hearing of said motion. They testified affirmatively that they had discussed the aforesaid items of damage for a considerable time and had been unable to agree upon the respective amounts to be assessed; that they then agreed to set down the amount which each juror favored, to add the several amounts together, and divide the aggregate thereof by the number of jurors; that they did so, and that the respective quotients so obtained were returned as the findings of the jury in response to said issues without further discussion or controversy. Each of the jurors, with one exception, testified directly or inferentially that he agreed with the other jurors before such scheme for ascertaining the average amounts of damages, favored by the jury as a whole, was put into effect, that the respective amounts so ascertained should constitute the findings of the jury in response to the issues so submitted. Several of the jurors testified that they considered themselves bound by said agreement in returning their verdict. One juror testified that there was no agreement in advance but that there was an affirmative vote to accept the quotients after they had been ascertained.

A consideration of the foregoing abridgement of the testimony shows without dispute that the findings of the jury in response to said issues were determined by an improper method; that regardless of whether all the several members of the jury agreed together in advance to accept the amounts so ascertained as their verdict, some of them did do so; and that they assented to the verdict returned without further discussion or consideration, because of such prior agreement. Such being the case, the court erred in not granting a new trial. Casstevens v. Texas & Pacific Ry. Co., 119 Tex. 456, 32 S.W.(2d) 637, 73 A. L. R. 89, and authorities there cited; Western Union Telegraph Company v. Phillips (Tex. Civ. App.) 285 S. W. 665; Whisenant v. Schawe (Tex. Civ. App.) 141 S. W. 146, par. 1; Texas Midland R. R. v. Atherton (Tex. Civ. App.) 123 S. W. 704; Hovey v. Weaver (Tex. Civ. App.) 175 S. W. 1089, 1090, par. 3; Galveston H. & S. A. R. Co. v. Brassell (Tex. Civ. App.) 173 S. W. 522, 523, par. 4; Dallas Railway & Terminal Co. v. Garner (Tex. Civ. App.) 42 S.W.(2d) 665, 667, par. 2. With reference to the effect of improper conduct on a part of the jury only, see: Gulf, C. & S. F. R. Co. v. Harvey (Tex. Com. App.) 278 S. W. 839; Moore v. Ivey (Tex. Com. App.) 277 S. W. 106, 107, par. 3; Dugat v. Hargraves (Tex. Civ. App.) 42 S.W.(2d) 683, par. 2.

Appellant's other assignments complain of matters that can be easily avoided on another trial.

The judgment of the trial court is reversed, and the cause remanded.

STANFORD, Justice (dissenting).

Not being able to agree with my Associates in the disposition of this case, I hereby file the following dissenting opinion:

The record shows that appellees filed a claim in the commissioners' court of Coryell county, Tex., for damages to garden, crops, and land, alleged to be the result of an overflow caused by the change and maintenance of a culvert upon the appellant's road adjacent to appellees' property; that said claim was considered by the commissioners' court and rejected; and that no appeal was taken from this action of the court. Thereafter appellees filed suit in the county court, with same claim as a basis for such suit, and asked damages in the amount of $250. Thereafter the appellant herein filed its plea of res adjudicata, and its plea to the jurisdiction of the court; that said plea of res adjudicata and plea to the jurisdiction of the court were overruled by the county court. Appellant's first and second contentions will be presented together.

Appellant contends that the action of the commissioners' court in approving or rejecting a claim is a judicial act, and that by the action of the commissioners' court in rejecting said claim, same became res adjudicata, and that by the action of the court in overruling said plea, said claim constituted a judgment of the commissioners' court reviewable only in the district court, and therefore the county court has no jurisdiction to hear and determine this cause. This contention is true only in part. If a claim is one proper to be presented to the commissioners' court for allowance and it is so presented and allowed, then it has the force and effect of a judgment of a court of record and cannot be attacked collaterally; but if when such claim is presented for allowance it is refused and not allowed, then the party filing such claim may file suit thereon in any court having jurisdiction of the amount involved. For the commissioners' court to refuse to take any action on such claim is tantamount to a refusal of such claim. The same is true with reference to the second contention wherein appellant contends that for the commissioners' court to reject a claim constitutes a judicial act, and the judicial acts of the commissioners' court are reviewable only in the district court; and the county court has no jurisdiction to hear and determine such cause. The rule is well settled in this state that where the commissioners' court rejects a claim presented to it for audit and payment and said court refuses to allow same, said claim does not become res adjudicata, and neither does it become an adjudicated claim, but the holder of such claim is at liberty to file suit in any court having jurisdiction of the amount involved. There is no procedure of law authorizing an appeal from the commissioners' court to the district court. The authorities cited by appellant are not applicable. The authorities applicable to this case are as follows: Voss v. Harris County, 33 Tex. Civ. App. 249, 76 S. W. 600, 601; Angelina County v. Bond (Tex. Civ. App.) 16 S.W.(2d) 338; Jones County v. Moore (Tex. Civ. App.) 4 S.W.(2d) 289; Palo Pinto County v. Gaines (Tex. Civ. App.) 168 S. W. 391; Holt v. Rockwall County, 27 Tex. Civ. App. 365, 65 S. W. 389; Revised Statutes 1925, art. 6730; Hill County v. Hamilton (Tex. Civ. App.) 273 S. W. 292; Anderson v. Ashe, 99 Tex. 447, 90 S. W. 872; Williams v. Bowie County, 58 Tex. Civ. App. 116, 123 S. W. 199; Shelby County v. Caldwell (Tex. Civ. App.) 48 S.W.(2d) 761; Gaines County v. Hill (Tex. Civ. App.) 25 S.W.(2d) 197. The above two assignments should be overruled.

Under appellant's third assignment of error it is alleged that this cause was instituted to recover damages for alleged injury to garden and growing crops, as well as injury to land, and during the trial of this cause, in order to establish the measure of damages to said growing crops and garden, the appellee J. D. Fegette was allowed to testify, over the objection of appellant, that the reasonable value of the garden destroyed was $50 and the reasonable market value of the cotton destroyed was $20. Appellant contends that testimony as to the actual value of garden and growing crops is not such evidence as will establish the proper measure of damages, but contends that in a suit for destruction of growing crops the measure of damages should be ascertained by finding the total expense of cultivating, harvesting, and sale of said crops, and after said crops are harvested and sold, the net value, less the expense for so cultivating and gathering said crops, is the amount of the damages. This rule for measuring the damages was laid down in an opinion rendered by Chief Justice Gaines in the case of International & G. N. Railway Co. v. Pape, 73 Tex. 501, 11 S. W. 526. However, Justice Gaines did not lay down this as an invariable rule. There are exceptions to it, and the rule for measuring damages should be applied which will come the nearest in arriving at the correct damages sustained. Appellant cites a number of authorities which, I think, are correct in a proper case; but as none of them apply to garden vegetables, or a gathered cotton crop, I do not think they are applicable to this case, so I do

not cite them. The only damage sustained, as found by the jury, was $50, the value of the garden destroyed, and the actual value of the cotton in the sum of $20. The record shows the garden was a small tract of land, probably not more than one-fourth an acre, and while the evidence does not show what was grown in the garden, some were doubtless various kinds of vegetables which mature in the spring and early summer. The record further shows that these vegetables were not for market, but were for family use only. This being true, it is evident the same rule for the measure of damages for the destruction of the garden would not, and should not, be applied as would be applied for the loss of a crop. There was practically no damage to the land. I think the measure of damages contended for by appellees, that is, the actual value of growing vegetables and the $20 for the cotton, was the correct measure of the damages. The actual damage in dollars and cents was the proper measure of damages; reasonable market value has no application.

Appellant contends that it was misconduct on the part of the jury to enter into an agreement whereby each juror would put down the amount of damage he thought the appellees should receive, then divide the total by the number of jurors, and allow a quotient so reached to constitute their verdict. The general rule with reference to quotient verdicts is stated in Weatherford, M. W. & N. W. Railway Co. v. Thomas (Tex. Civ. App.) 175 S. W. 822; 52 A. L. R. 45; Chicago, R. I. & G. R. Co. v. Swann, 60 Tex. Civ. App. 427, 127 S. W. 1164 (writ refused); Eastern Ry. Co. v. Montgomery (Tex. Civ. App.) 139 S. W. 885; Gulf, C. & S. F. Ry. Co. v. Blue, 46 Tex. Civ. App. 239, 102 S. W. 128; Missouri, K. & T. R. Co. v. Hawkins, 50 Tex. Civ. App. 128, 109 S. W. 221, 222 (writ denied); Medford v. Hendricks (Tex. Civ. App.) 38 S.W.(2d) 413; Estep v. Bratton (Tex. Civ. App.) 24 S.W.(2d) 465, 469, pars. 5 and 6; Sandifer v. Ft. Worth Nat. Bank (Tex. Civ. App.) 8 S.W.(2d) 512; Hatt v. Walker (Tex. Civ. App.) 33 S.W.(2d) 489; James A. Dick Co. v. Yanez (Tex. Civ. App.) 55 S.W.(2d) 600; Bradley v. Texas & Pacific R. Co. (Tex. Com. App.) 1 S.W.(2d) 861, 862; Texas Employers' Ins. Ass'n v. Chocolate Shop, Inc. (Tex. Com. App.) 44 S.W.(2d) 989; Houston & T. C. R. Co. v. Gray, 105 Tex. 42, 143 S. W. 606. There is no evidence in the record that the jurors agreed together in advance to be bound by the quotient of the added amounts. They each testified that they agreed upon the amount thus arrived at after making some deductions. The trial court went fully into this matter and I think fairly and impartially heard each juror's version of the matter. Unless the record shows an abuse of the discretion vested in the trial judge, his action in the matter will not be reviewed on appeal. This is well settled and is fully discussed in many of the authorities cited here and in 52 A. L. R. 45. The appellant's contention here made should be overruled.

In my opinion, the judgment of the trial court should be affirmed.