## HARTFORD ACCIDENT & INDEMNITY CO. v. STANLEY.

### No. 2095.

Court of Civil Appeals of Texas. Eastland.

Feb. 7, 1941.

Rehearing Denied March 7, 1941.

Blanton & Blanton, of Abilene, for appellant.

Scarborough, Yates & Scarborough, of Abilene, for appellee.

LESLIE, Chief Justice.

This is the usual workmen's compensation case. The trial resulted in a judgment favorable to the plaintiff, Scott Weldon Stanley, the injured employee, against the carrier, Hartford Accident & Indemnity Company, prosecuting this appeal.

The appeal is predicated upon two alleged errors; first, the court's exclusion of certain evidence, and, second, misconduct of the jury.

In the first assignment, it is insisted that "the court erred in refusing to permit the defendant to introduce evidence that the plaintiff, on the 11th day of August, 1939, which was some time after the accident (February 22, 1939) which allegedly caused his total incapacity, was tried in the corporation court of the city of Abilene on the charge of being drunk and disturbing the peace, and that the plaintiff pleaded guilty on said charge and was fined." The proposition under this assignment is to the effect that the testimony was admissible inasmuch as Stanley was seeking a lump sum settlement and had alleged, among other things, "that he was prudent and careful and that failure to award compensation in a lump sum would cause manifest hardship and injustice."

Assuming without deciding that such evidence would have been admissible for the purpose offered, we first consider the appellee's counter propositions and objections to the consideration of said assignment. It is the contention that no point pertaining to the exclusion of such testimony was properly preserved and perpetuated in the record in accordance with Art. 2237, sec. 2a, Vernon's Ann.Civ.St.

We find the record in this respect to be in substance as follows: At the conclusion of the cross-examination of the appellee, the witness was excused. What then followed is reflected by a statement found in the stenographer's notes purporting to have been made by appellant's attorney. That statement is to the tenor following: "(The following dictated into the record by Mr. Blanton, out of the hearing of the Jury: Mr. Blanton: That the defendant could prove that on the 8/11/39, Scott Weldon Stanley, the Plaintiff, was arrested for being drunk and disturbing the peace; plead guilty and was fined $10.00. This to be offered on the question of lump sum payment, wherein it was alleged that he was a man of prudence and was careful, and it was only for that purpose. To which the Judge sustained an objection, and to which the Defendant duly excepted and the Court gave the Defendant a full Bill on it.—Reporter)"

We have examined the statement of facts, especially the direct and cross-examination of the appellee, Stanley, and we cannot ascertain therefrom that the appellant's counsel intended to elicit such testimony (indicated by the above statement) either from the appellee on cross-examination, or from some other witness or independent source of testimony, such as the records of the corporation court, or its judgment, evidencing such plea of guilty, etc., if any.

The above statement and excerpt lodged in the stenographer's notes is not believed to be a legal bill of exception in terms of correct rules of procedure in such matters.

We do not think it is to be regarded as a part of the "Q. and A. Statement of Facts." It appears to be nothing more than the ex parte statement of the appellant's attorney. It does not reflect the nature of the objections made by the opposing counsel, and there is no evidence that it was submitted to the court for his approval. If appellant was able to produce such testimony as the conclusions in the above statement called for (aside from the cross-examination of the appellee), such testimony was neither submitted to the court, nor developed in open court, either in or out of the presence of the jury. In other words, no proper bill of exception was developed by disclosing to the court (at least) the specific testimony by which a drunkenness charge, etc., was to be established, and no agreement between the litigants, or their attorneys, is found in the record, or a formal bill of exception reflecting such testimony or its nature. So far as the record shows, the appellant may have thought he "could prove" the matters set out in the above statement by hearsay testimony and the trial court excluded such. The presumption is that a valid objection was made and sustained by the court. Apparently the appellee was given no chance to explain or object to the substance or form in which the above purported bill of exception was presented and lodged in the record.

■ We are of the opinion that said excerpt noted as it was constitutes no such basis for a valid bill of exception in the Q. &. A. record, and no effort was made to present a formal bill of exception to the ruling. The counter proposition objecting to the consideration of this assignment is sustained.

■ The next proposition is based upon the assignment of error raising the question of misconduct on the part of the jurors while considering their verdict. Evidence bearing upon injury, lump sum settlement, etc., was conflicting, and the issue of misconduct is raised by the appellant in this language: " * * * one juror testified positively that during the deliberations of the jury and before the questions were answered, he heard discussion about the way insurance companies collect fees from employees and then when suits come up they have some excuse and fail to pay them and doctors testify in their behalf and that the doctors were getting high paid salaries from the insurance companies and were always in favor of them, which matter was not in evidence on the trial, and three jurors testified in effect that they were present in the jury room and didn't hear such discussion, and it appeared from the testimony that the jurors were talking all around in groups, the testimony of the three jurors was negative in character and was insufficient to support a finding that such prejudicial misconduct did not occur in the face of the unimpeached, consistent and unbiased testimony of the one juror that it did occur, and the trial court should not have overruled the motion for new trial, but should have sustained it on the second ground thereof."

We have carefully considered the testimony on the issue of existence or occurrence of the misconduct alleged. Such testimony is conflicting. The ruling of the trial court finding that no such misconduct occurred will be sustained upon the following authorities: Texas Emp. Ins. Ass'n. v. Chocolate Shop, Inc., Tex.Com.App., 44 S.W.2d 989; Bradshaw v. Abrams, Tex. Com.App., 24 S.W.2d 372; Estep v. Bratton, Tex.Civ.App., 24 S.W.2d 465; Medford v. Hendricks, Tex.Civ.App., 38 S.W. 2d 413; Brinker v. McDonald, Tex.Civ. App., 115 S.W.2d 1185; Uselton v. Southern Underwriters, Tex.Civ.App., 131 S.W. 2d 1040; Eichlitz v. Allen, Tex.Civ.App., 131 S.W.2d 43.

For the reasons assigned, the appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.