

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

December 6, 1961

Honorable Weldon Holcomb  
Criminal District Attorney  
Smith County  
Tyler, Texas

Dear Mr. Holcomb:

Opinion No. WW-1210

Re: Time Warrants,
     County Budgets,
     Road and Bridge
     Programs.

        You inform us that Smith County has embarked upon a road and bridge project to cost some $2,500,000.00.

        The undertaking is being financed by the issuance of time warrants.

        The program and its problems have heretofore been dealt with in Attorney General's Opinion No. WW-1174, dated October 25, 1961, addressed to you.

        Now, you submit some nine (9) additional questions raised by the County Auditor in connection with the program and the means of its execution.

        We will undertake to render our opinion on each question in the same order as presented but for the sake of brevity we shall paraphrase some of them.

            1.  Does Article 2368a, V.C.S., require a separate issue of time warrants for each contract involving the expenditure of $2000 or more that the county may enter into in connection with its proposed road and bridge improvement program?

        The Commissioners' Court has estimated the overall cost of the completed project as not exceeding $2,500,000.00

and has authorized the issuance of time warrants in that amount to evidence the indebtedness. Contracts looking to the completion of the job may be let and as they or their phases are performed, time warrants in amounts necessary to evidence due legal claims may be drawn from the balance left in the original overall lump-sum authorization from time to time until the project is completed or the issue is exhausted. The order provides for the cancellation of any time warrants not needed to complete the program.

In actuality, the procedure followed here is an "issuance of Time Warrants for each contract." Witness this proviso in the order of the Commissioners' Court, Smith County, dated September 1, 1961.

" . . . Although provision is hereby made to cancel claims and accounts yet to be incurred and to pay contracts yet to be entered into, no warrant or warrants shall ever actually be issued by delivery until and unless in exchange for an equal amount of indebtedness represented by the claims and accounts herein authorized, and which have been actually incurred by said County in acquiring rights-of-way, laying out, improving or constructing certain roads and bridges within the County, and which claims and accounts shall have been duly presented to, audited, allowed and approved by the Commissioners' Court, or until and unless in payment of itemized estimates or accounts duly submitted to and approved by the Commissioners' Court showing the amounts due contractors for the supervision, labor, materials, tools, equipment, machinery and supplies necessary for the construction and improvement of the County Roads and Bridges contemplated, under contracts duly and legally entered into."

We deem such procedure legal under Article 2368a, V.C.S. In the absence of compelling language to be found therein, a statute should not be given a technical or unreasonable construction. 39 Tex.Jur. Sec.91, p. 174.

2. Does Article 2368a authorize the issuance of time warrants to evidence indebtedness arising from the services of investment bankers rendered in connection with the financing of the project?

We understand that Smith County does not intend to meet this obligation by issuing time warrants. Consequently, the question is hypothetical and there is no necessity for our opinion.

3. Smith County has arranged with a local bank for the latter to take up and pay face value for audited and approved claims arising from the project. The bank will carry these claims until the county exercises its right to exchange time warrants therefor. The claims will earn for the bank 4½% interest from the date payment is made to the recipient until such exchange is made. The time warrants will bear 4½% interest from their date until paid.

The first question is — Can the County legally contract to pay interest on the claims? It is our opinion that it may. Lasater v. Lopez, 110 Tex.179, 217 S.W.373 (1919); Tyler v. Shelby County, 47 Fed.2d, 103; Rains v. Mercantile Nat. Bank, 144 Tex.466, 191 S.W.2d 850 (1946).

The second question is — Does this agreement to pay interest create a new debt for which no tax has been levied? In our opinion — no. The terms of the exchange will be on a dollar for dollar basis and the interest as adjusted will be the same. Therefore, no new obligation is imposed upon the county other than that dealt with in Attorney General's Opinion No. WW-1174, supra.

4. This question is quite close to a re-submission of Question #1 which we have answered. The author of the question raises two points that are obviously considered as

reasons why Article 2368a, V.C.S., contemplates separate time warrant issues for "specific contracts as the specific contracts are let."

The first point is that Section 3, Article 2368a, V.C.S., "can not be complied with."

We have an Affidavit of Publication before us dated September 11, 1961, and executed by the Classified Advertising Manager of a City of Tyler newspaper. The attached "Notice to Bidders" shows a compliance with Section 3, Article 2368a, V.C.S.

The other point suggests that bidders could not compete by agreeing to a lesser interest rate than that specified.

The contractors under the facts do not carry the county's debt. They receive face value for audited and approved claims and accounts and nothing more.

Assume, however, it was otherwise. We fail to perceive why a bidder could not figure his bid lower or higher to offset what he deemed an advantageous or unfavorable (as the case might be) rate of interest on the debt he would carry.

5. We quote: " . . . does the law authorize the issuance of Time Warrants for the purpose of purchasing lands necessary for right-of-way as provided, etc.?"

Articles 6674n, 6674n-2, 6673e-1, 6703, 2351, V.C.S., give authority to Commissioners' Courts to purchase rights-of-way; consequently, under the doctrine announced in Lasater v. Lopez, supra, the Court has the implied power to issue time warrants to accomplish the purpose. See also Madison County v. Wallace, 118 Tex. 279, 15 S.W.2d 535 (1929).

6. We quote: " . . . Can any of the Warrant Funds be used for the purpose of paying right-of-way agents, attorneys' fees, court costs, brokerage fees, expert witness

fees, etc., or any other cost that might be deemed incidental expenditures?"

The time warrants can be used only for the purpose for which they were authorized; to-wit: paying the expenditures to be made in the purchase of lands necessary for rights-of-way in respect to Federal, State, Farm-to-market and County Roads throughout Smith County and other necessary expenditures incidental to the purchase of such rights-of-way; for supervision, labor, materials, tools, equipment, machinery and supplies necessary for the construction and improvement of the County Roads and Bridges contemplated, under the direct supervision of the Commissioners' Court or contracts duly and legally entered into.

We note the purpose clause includes —

" . . . other necessary expenditures incidental to the purchase of such rights-of-way . . ."

It is our opinion that the matter of decision, along with the official responsibility therefor, relative to the ascertainment and adjudication of what are other necessary incidental expenditures, is a function singularly at rest in the jurisdiction of the Commissioners' Court. See subdivision 10, Article 2351, V.C.S. Coryell County v. Fegette, 68 S.W. 2d 1066 (Civ.App., 1934, error dism.).

7. We quote: " . . . Does the County have the authority to invade (sic) the Constitutional Road and Bridge Fund Tax of said County and pledge the same for Time Warrants . . .?"

The Constitutional Road and Bridge Tax is the proper one to look to for the financing of the proposed improvements.

Section 9, Article VIII, Constitution of Texas. Carroll v. Williams, 109 Tex.155, 202 S.W. 504 (1918).

8. This is a question directed at what person will advertise for bids on material to be used in the road and bridge program. Article 2368a, V.C.S., is silent on this detail.

In this case the publication of the required notice was over the County Judge's name and title.

It is our opinion that this was a compliance with Article 2368a, V.C.S.

Article 1659, V.C.S., is a general statute, whereas Article 2368a is special in the sense that it deals with the procedure to be followed in issuing time warrants.

The general terms of Article 1659, supra, must yield to the specific provisions of Article 2368a, supra, on this matter of publication. 39 Tex.Jur. 213, Sec. 114.

The act by the County Judge was a ministerial function of his official capacity and the publication reflected a true statement of what the Court had ordered, and we deem it proper for it to issue over his signature. Akers v. Remington, 115 S.W.2d 714 (Civ.App. 1938).

9. We quote: "None of the expenditures which I am now called on to approve are set forth in the budget for the year 1961, and the budget has not been amended so as to bring the same into that budget. No budget has been made and no hearing held as required by Article 689a-11 by Smith County for expenditures for the year 1962, and no tax rate has been fixed by any order entered of record by the Commissioners' Court for 1962. Therefore, I am of the opinion that the expenditures already made and those proposed to be made are illegal and that I cannot approve the same. Please advise me regarding this situation."

The questions regarding the 1961 Budget have been answered in Attorney General's Opinion No. WW-1174, supra.

As for the 1962 Budget, we have been advised that it has been approved by the Commissioners' Court of Smith County in November, 1961, and that it includes the expenditures under the project, provides for a tax levy, and estimates the revenues to be derived therefrom, all as the law provides.

The question then has been reduced to one of timeliness. The law provides that the county judge shall budget the fiscal affairs of the county in July and present it to the Commissioners' Court in August. Articles 689a-9, 689a-11, V.C.S.

There is no language in the Uniform Budget Law applicable to counties to indicate that the matter of time is one of essence. It provides no penalty nor imposes any forfeiture for a belated adoption of a budget.

> " . . . it does not necessarily follow that a thing which a statute directs to be done at a particular time may not be done afterwards. Nor is it implied that an act, for which a statute affirmatively provides, will be ineffectual if it is done at a different time than that prescribed." 39 Tex.Jur. 38, Sec. 16.

## SUMMARY

Under the facts as submitted, Smith County has complied with Article 2368a, V.C.S., in authorizing time warrants to evidence indebtedness arising from the designated road and bridge improvement program.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Grundy Williams
    Grundy Williams
    Assistant Attorney General

GW-s

APPROVED:

OPINION COMMITTEE:

W. V. Geppert, Chairman
J. C. Davis
W. Ray Scruggs
Bill Allen

REVIEWED FOR THE ATTORNEY GENERAL
By: Houghton Brownlee, Jr.